# BANCO POPULAR DE ECONOMIAS Y PRESTAMOS DE SAN JUAN, Complainant,

*v.*

# ELIAS B. WILCOX, Dft.

San Juan, Equity, No. 946.

Real Property—Mortgages.
> 1. The purchaser of real property whose deed recites that he takes
> subject to recorded encumbrances takes subject to a mortgage which
> was not recorded at the time of the purchase, in the absence of clear
> evidence that there was mistake or fraud affecting the mortgagee.

Mortgages—Foreclosure—Procedure.
> 2. When an action to foreclose a mortgage is removed into the
> United States district court, that court will follow neither the pro-
> cedure established by the Civil Code for mortgage actions nor that
> established by the mortgage law for summary foreclosure, but will
> follow the usual course of equity procedure in foreclosure actions,
> and will allow the mortgagor a reasonable time to redeem the proper-
> ty before sale.

Opinion filed August 25, 1916.

IX. Porto Rico.—13.

*Messrs. Damian Monserrat, Jr.,* and *Frank Antonsanti* for complainant.

*Mr. Willis Sweet* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a proceeding for foreclosure of mortgages. It was begun in the local district court at San Juan, and removed by the defendant, an American, to the Federal court, where a reformed bill of complaint was filed June 9, 1914. No question is raised as to the first mortgage by Rafael Lopez Landron and wife upon the property dated July 29, 1909, for $4,600 principal. The real contention is as to whether a second mortgage by the same parties also to the plaintiff, dated December 3, 1912, for $1,700, is binding upon defendant, Wilcox. The second mortgage in question is registered Jan. 28, 1913, in the registry of property of San Juan, § 1, at folio 72, volume 24, of Santurce, property No. 2115, triplicate, 10th inscription. The question in the case arises from the fact that Rafael Lopez Landron and wife made on January 14, 1913, before the notary public Damian Monserrat, at San Juan, the same notary before whom were executed the two mortgages, a deed whereby the grantors sold to said Wilcox the same property, a house and lot on Park street in Santurce, San Juan. This deed contains a direct assumption by the defendant of registered encumbrances on the property; but the contention of defendant is that the second mortgage in question had not been registered at that time, and was not within the contemplation of the parties.

1. A good deal of evidence was taken pro and con, that of the

plaintiff tending to show that not only was the defendant informed of the existence of this second mortgage, but that he distinctly assumed it. On the other hand, the defendant testifies himself, and has other testimony to the effect, that he was not informed of the second mortgage, and whatever recitals are contained in the deed to him were not read by him, as he trusted the notary. The case, therefore, is not without difficulties upon the question of fact. The conclusion of the court, however, is that the deeds are the primary source of evidence in the transaction, as in all similar transactions, and must control unless the evidence is very persuasive that there was a mistake or fraud of some kind affecting the plaintiff bank. The court cannot say that it is convinced by a preponderance of evidence that such was the case, and must therefore be guided by the documents themselves. It would seem that the plaintiff is entitled to recover. Sententia Sup. Ct. Spain, Sept. 29, 1897.

2. The original suit was brought under the local mortgage law, whose proceedings are in great detail. The question arises whether the proceeding, when transferred into the Federal court on its equity side, is to follow these details. It has been decided in Porto Rico that there are two remedies for foreclosure, the first being under the proceedings set out in the mortgage law, which is summary in its nature, and, second, a plenary declaratory action following the usual course of proceedings under the Code of Civil Procedure. When a suit reaches the Federal court, however, and becomes in form and in nature a bill in equity, there is a third procedure allowed. There is no question that a court of equity has jurisdiction to foreclose a mortgage, the theory being in equity that time is not of the essence of the contract, and that the defendant should be allowed a time to

redeem before the property is sold.   Under this a decree is entered fixing a reasonable time within which the defendant may pay the debt, and directing that if he does not comply the property shall be sold by the master after due advertisement.   In the case at bar there would seem to be no necessity for the appointment of a special master, and the clerk will do what is necessary.

A decree will therefore be entered fixing the amount of the debt as shown by the evidence, permitting redemption within ninety days, and directing a sale of the property to satisfy the debt after the expiration of that period.

It is so ordered.